UNITED STATES of America, Plaintiff—Appellee,

v.

Jerron Adides HAYES, Defendant—Appellant.

No. 02–50387.

D.C. No. CR–01–00096–VAP–1.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jerron Adides Hayes appeals the 57–month sentence imposed after his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). Hayes argues that the district court erred by applying a two-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(2)(F) for making "a threat of death" during the robbery. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

We review for clear error the factual findings made by the district court at sentencing. *United States v. Lavender,* 224 F.3d 939, 941–42 (9th Cir.2000). Hayes does not dispute that the note he handed to the bank teller contained a threat of death. Nor could he. The note stated that "I have a gun! I will kill starting with you!" Hayes argues instead that he was not aware of the contents of the note because one of his accomplices wrote it. We conclude that the district court did not clearly err by finding Hayes knew that the note contained a "threat of death." The extensive planning and Hayes's own statement to the teller that he had a gun, in conjunction with his testimony at the evidentiary hearing that was not credible, raises a legitimate inference that Hayes knew the contents of the note. Moreover, Hayes's reliance on *United States v. Zelaya,* 114 F.3d 869, 871 (9th Cir.1997), is misplaced because the appellant in *Zelaya* did not know (and it was not foreseeable) that his accomplice would threaten the bank teller while he waited in the car. The district court did not err by applying the two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.